**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DEBBIE S. CARTY, Individually and as Administrator of the Estate of GEORGE DOVE, and as Administrator of the Estate of JAZIE DOVE,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>5:15-CV-220-MTT |

**COMPLAINT**

COMES NOW, Plaintiff Debbie S. Carty, Individually and as Administrator of the Estate of George Dove, for her Complaint against The United States of America, alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Debbie Carty is the daughter of George Dove, deceased. Ms. Carty is the Administrator of the Estate of George Dove.

2.

Debbie Carty is also the administrator of the Estate of Jazie Dove, her mother and wife of George Dove. George and Jazie Dove were married August 28, 1955 and remained married until his death June 11, 2013. Jazie Dove died July 24, 2014.

3.

This is an action brought pursuant to the Federal Tort Claims Act. Ms. Carty's claims, individually, and on behalf of the Estates of George and Jazie Dove, were timely presented to the Department of Veterans Affairs. The Department of Veterans Affairs (hereafter "VA") received and acknowledged Ms. Carty's claims by letter dated June 19, 2014. A copy of that letter is attached as Exhibit "A". Therefore, this action is timely commenced.

4.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b) (Federal Tort Claims Act) and 28 U.S.C. § 1331 (Federal Question).

5.

The acts and omissions that are the subject of this action occurred at the Durham VA Medical Center in Durham, North Carolina (hereafter "DVAMC").

6.

Ms. Carty resides in Bibb County, Georgia. No real property is involved in this action. Therefore, venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(e)(1)(C).

## FACTUAL ALLEGATIONS

7.

George Dove served in the United States Army during the Korean War and was twice wounded. Due to combat injuries he sustained, he was awarded the Purple Heart. He was honorably discharged thereafter.

8.

After his discharge, and because he was a veteran, Mr. Dove received his primary medical care through the VA, including the DVAMC since at least 2002.

9.

At or around December 1, 2011, Mr. Dove was admitted to the DVAMC with complaints of lower extremity edema, pain, cellulitis, and a history of an 18.8 pound weight loss over the past seven months. During the course of this admission, a chest X-ray was performed and read by Dr. Charles Anderson. When compared with a prior study of August 23, 2007, it showed a 12mm nodular density overlying the right upper lung field. Dr. Lindsay Boole was notified and she ordered a CT of the chest/thorax without contrast to further evaluate this lung nodule.

10.

That CT was performed on December 2, 2012 and read by Dr. Brett Bartz. His report noted a peripheral 1.3 x 1.0 centimeter lung nodule in the right upper lobe with the impression, "This nodular opacity may represent atelectasis given its peripheral location although a primary lung malignancy is not entirely excluded." A follow-up chest X-ray or CT was recommended in three months. There is no documentation in the medical record that Mr. Dove was ever informed of this result and recommendation.

11.

Dr. Elizabeth Campbell ordered a follow-up CT scan of the thorax which was performed April 11, 2012. That scan was read by Dr. Jefferson Balin, who compared it with prior studies. The impression read, "peripheral right upper lobe nodular opacity is unchanged when compared to prior exam (but new when compared to 2007) and

concerning for primary lung malignancy. Recommend follow up with PET scan for better evaluation." Mr. Dove was never informed of the findings or recommendations for said PET scan.

12.

Despite subsequent multiple clinic visits by Mr. Dove to various healthcare providers at the DVAMC, no PET scan was ever considered or ordered. Those providers include, but are not limited to, Drs. Robert Dye, Charles Anderson, Robert Harrison, Suzette Casal, Jack Twersky, and Steven Sorin.

13.

Mr. Dove was even seen by a hematology-oncology attending physician, Dr. Radhika Shah on June 7, 2012, for evaluation for anemia of chronic disease. No mention or annotation of the history of a lung nodule or need for a PET scan was made.

14.

Mr. Dove returned the DVAMC in March of 2013 with complaints of worsening pain, and a 70 pound weight loss. A CT of the chest and thorax was performed on March 22, 2013, and revealed "a very large mass in the right chest wall. . . .in the exact location of the previously seen small pulmonary nodule." The mass measured 13.9 x 15.7 x 15.5 cm. The second, third, and a large portion of the fourth rib were completely destroyed by the tumor, and multiple other nodules were seen throughout the lungs.

15.

A PET/CT scan was performed March 25, 2013, and confirmed the presence of a large tumor mass with multiple metastases, including osseous lesions.

16.

Biopsy of the right chest mass was performed March 29, 2013 and revealed an invasive adenosquamous carcinoma. Mr. Dove's lung cancer was subsequently staged as Stage IV (T4 N0 M1b) non-small cell carcinoma, which is not medically curable.

17.

An "Institutional Disclosure of Adverse Event" occurred March 26, 2013 and was attended by Dr. John Shelburne, Chief of Staff, Dr. Marie Carlson, and Joyce Prince, Risk Manager. Debbie Carty was contacted by telephone. In that meeting, Dr. Shelburne apologized to Mr. Dove for the mass not being followed up. Dr. Carlson also stated that the lung mass seen in 2011 was not followed-up as recommended.

18.

In a subsequent progress note dated March 26, 2013, Dr. Carlson noted, ". . . we strongly suspect that this mass is cancer, and it likely arose from the mass first noted on CT scan 11/11 and on follow-up 4/12. All our system checks (clinical alerts, radiology alert systems) did not capture his need for urgent follow [up], and I apologize for the harm he may have suffered for delayed diagnosis."

19.

Mr. Dove received palliative radiation therapy, and was admitted to hospice on April 6, 2013. He required increasingly larger doses of pain medication, developed decubitus ulcers, and suffered from anorexia-cachexia syndrome.

20.

On June 11, 2013, George Dove, after prolonged and painful suffering, died of cancer.

21.

As alleged herein, various personnel at DVAMC were negligent in the care and treatment of George Dove, including but not limited to: (a) failing to timely diagnose and treat Mr. Dove's lung cancer, (b) failing to timely follow-up on their own recommendations for further X-rays and PET scan, resulting in inexcusable delay in the diagnosis, at a time when his cancer was treatable and curable, (c) by their own admission, failing to meet the appropriate and applicable medical standards of care, and (d) being otherwise negligent.

22.

As a proximate result of the negligence of DVAMC employees and personnel, George Dove was injured, suffered severe physical and mental pain and suffering and eventually died.

23.

As a further proximate result of the negligence of DVAMC employees and personnel, George Dove and his Estate incurred funeral, burial and other expenses. His funeral and burial expenses total $6,520.81.

24.

As a further proximate result of the negligence of DVAMC employees and personnel, Debbie Carty and the heirs of the Estate of George Dove are entitled to recover the full value of his life.

25.

As a further proximate result of the negligence of DVAMC employees and personnel, Mr. Dove's heirs are entitled to receive the damages recovered, including,

but not limited to the present monetary value of: a) net income of the decedent; b) services, protection and assistance of the decedent, and c) society, companionship, comfort, guidance, kindly offices, and advice of the decedent.

26.

The United States of America is liable for the injuries, death, and damages suffered and incurred as a result of the conduct of its employees and/or agents.

27.

Although not required, attached hereto as Exhibit "B" is an affidavit of Marianne Barnhill, M.D. setting forth at least one negligent act or omission claimed to exist and the factual basis for each such claim, pursuant to N.C. Gen. Stat.§ 90-21.11(2)a.

28.

Dr. Barnhill has reviewed all medical care and medical records pertaining to the alleged negligence pursuant to N.C. R. Civ. P. 9(j), and is expected to qualify as an expert witness under N.C. R. Evid. 702(b).

28.

Dr. Barnhill is qualified under the standard set forth in N.C. Gen. Stat. Ann. § 90-21.12, and is willing to testify that the medical care rendered to Mr. Dove did not comply with the applicable standard of care.

WHEREFORE, Debbie Carty, Individually and as Administrator of the Estates of George Dove and Jazie Dove, prays as follows:

a) That judgment be entered against Defendant in an amount sufficient to compensate for the special and general damages incurred as the result of

Mr. Dove's injuries and death, including pain and suffering, and funeral expenses;

b) That judgment be entered against Defendant for the full value of Mr. Dove's life, including those delineated in paragraph 25 above.

c) That the costs of this action be taxed against Defendant; and,

d) That Plaintiff have such other and further relief as the Court deems appropriate under the circumstances.

This 8th day of June, 2015

/s/ D. James Jordan
D. James Jordan
Georgia Bar No.: 404465

/s/George L. Phillips, Jr.
George L. Phillips, Jr.
Georgia Bar No.: 230301

/s/Caroline W. Herrington
Caroline W. Herrington
Georgia Bar No.: 153008

/s/Virgil L. Adams
Virgil L. Adams
Georgia Bar No.: 004625

ADAMS, JORDAN & HERRINGTON, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

The United States of America
c/o Michael J. Moore, U.S Attorney
Middle District of Georgia, Macon Division
300 Mulberry Street, Fourth Floor
Macon, Georgia 31201

Loretta Lynch., Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Via Certified Mail # 7010 2780 0001 9889 5845
Return Receipt Requested

DeAnne Seekins
Director, Durham VA Medical Center
508 Fulton Street
Durham, NC 27705
Via Certified Mail # 7010 2780 0001 9889 5838
Return Receipt Requested